Félix, Recurrente, *v.* El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de inscripción de una escritura de compraventa y otra de préstamo hipotecario.

No. 485.—Resuelto en marzo 14, 1921.

Venta de Bienes por Menor Emancipado—Consentimiento del Padre para la Venta—Emancipación.—Cuando padre e hijo, emancipado éste de acuerdo con el artículo 303 del Código Civil, comparecen en una escritura manifestando su propósito de vender cierta finca y efectivamente "hacen venta real y absoluta" del inmueble al comprador y aceptan en varias formas y ratifican el contrato y aceptan una hipoteca por el precio aplazado, el consentimiento del padre, que por el artículo 307 del cuerpo legal citado no tiene que ser expreso, debe deducirse.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. H. Torres Solá.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En el mes de julio de 1920 Bernardo Rosa emancipó a su hijo de diez y nueve años de edad, Francisco Rosa y Llenza. En septiembre de 1920 Bernardo Rosa y su hijo Francisco Rosa y Llenza vendieron a Román Félix y Dominga Maldonado una finca rústica de la cual eran dueños en común proindiviso los vendedores. La finca pertenecía a la sociedad conyugal y Bernardo Rosa adquirió la mitad de ella a la muerte de su esposa y su hijo Francisco Rosa la otra mitad por herencia.

Junto con la escritura de compraventa de la referida finca las partes presentaron para su inscripción una escritura de préstamo hipotecario a favor de Bernardo y Francisco Rosa por la suma de $5,000.00, garantizada con la misma propiedad.

Tanto la inscripción de la escritura de compraventa como la de préstamo hipotecario fueron denegadas.

El recurso en este caso ha sido establecido por Román Félix, el comprador, y la nota denegatoria de inscripción de la escritura de compraventa es como sigue:

"Inscrito el precedente documento, con vista de la escritura de emancipación y otro de donde resulta que Román Félix es casado con Dominga Maldonado; solo en cuanto a la participación que trasmite don Bernardo Rosa y Cuadrado, al folio 160 del tomo 32 de Río Piedras, finca 958 triplicado, inscripción 16a.; y deniego la inscripción en cuanto a la participación trasmitida por el menor emancipado, porque la comparecencia y actuación del primero en la escritura se refiere sólo a la venta de su condominio sin que preste a su hijo emancipado también vendedor, el consentimiento que previene el artículo 307 del Código Civil como quedó enmendado en 8 de marzo de 1906, habiéndose tomado en su lugar anotación preventiva por el término legal en el mismo asiento. San Juan, P. R., 29 de noviembre de 1920."

El artículo 307 del Código Civil en el cual funda su negativa el registrador, prescribe lo siguiente:

"La emancipación habilita al menor para regir su persona y bienes como si fuera mayor; pero hasta que llegare a la mayor edad no podrá el emancipado contraer promesa u obligación alguna que exceda del importe de sus rentas por un año. Tampoco podrá gravar ni vender bienes inmuebles suyos sin consentimiento de su padre, en defecto de éste, sin el de su madre, y, en su caso, sin el de su tutor. Tampoco podrá comparecer en juicio sin la asistencia de dichas personas."

Se verá que el artículo simplemente habla del consentimiento y no dice que tal consentimiento deba ser expreso como se dice por ejemplo en el artículo 1328 del Código Civil donde se prohibe al esposo vender o comprar los bienes inmuebles de la sociedad de gananciales sin el consentimiento expreso de la esposa.

El recurrente con la cita que hace de Escriche, Diccionario Razonado de Legislación y Jurisprudencia, página 507, sostiene que la adhesión de uno a la voluntad de otro, o al concurso mutuo de la voluntad de las partes sobre un hecho que aprueban con pleno conocimiento constituye consentimiento.

Los vendedores en la escritura eran, como hemos dicho, dueños en común proindiviso, y empezaban manifestando en la escritura que comparecían de una parte, don Bernardo Rosa y Cuadrado y don Francisco Rosa; en otras palabras, ellos comparecían juntos para vender una sola finca en su totalidad de la que eran dueños conjuntamente y en toda la escritura y en diferentes partes de ella hablan de vender toda la propiedad.

Además en el segundo párrafo de la escritura dicen:

"Siguen exponiendo los comparecientes que teniendo todos convenido la compraventa de la descrita finca la llevan a efecto y formalizan en la forma y manera que explican las cláusulas que a continuación otorgan:"

Y pasan entonces a expresar que Bernardo Rosa y Cuadrado y Francisco Rosa y Llenza hacen venta real y abso-

luta a favor de don Román Félix sin reserva ni limitación alguna, y en la cláusula tercera se dice que todas las partes aceptan dicha escritura.

Además en la cláusula final las partes·ratifican el contenido de la escritura.

Creemos que es claro que cuando dos dueños en común proindiviso, padre e hijo, comparecen en una escritura para vender una finca, el consentimiento del padre para la venta por el hijo se presumiría irrefutablemente, aún cuando las anteriores citas más o menos expresas de las escrituras no mostraban en realidad un consentimiento.

A mayor abundamiento estas consideraciones están sostenidas por el hecho de que tanto el padre como el hijo comparecían conjuntamente para aceptar una hipoteca constituída sobre la misma propiedad por el comprador.

Sin tratar de discutir todos los principios de *estoppel* que podrían surgir, nos sentimos obligados a resolver que el consentimiento del padre a la venta hecha por el hijo de no darse expresamente debe inferirse necesariamente.

La nota del registrador debe ser revocada debiendo verificarse la inscripción.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.  Los Jueces Sres. Presidente Hernández y Asociado Aldrey, disintieron.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ CON LA QUE ESTUVO CONFORME EL JUEZ ASOCIADO SEÑOR ALDREY.

Por escritura pública otorgada en el pueblo de Río Piedras a 20 de septiembre de 1920 ante el notario Heriberto Torres Solá, Bernardo Rosa y Cuadrado y su hijo Francisco Rosa y Llenza, menor de edad, emancipado, vendieron a Román Félix y Dominga Maldonado una finca rústica de que aquéllos eran dueños proindiviso, en proporción de una mi-

tad cada uno de ellos, y por otra escritura de 22 del propio septiembre los compradores constituyeron hipoteca sobre la misma finca a favor de los vendedores para garantizarles un préstamo por valor de $5,000.

Presentadas ambas escrituras en el Registro de la Propiedad de San Juan, Sección Primera, para su inscripción, el registrador denegó la de la escritura de compraventa en cuanto a la participación del menor emancipado por medio de nota de 29 de noviembre de 1920 que en lo conducente dice así:

"Inscrito el precedente documento, con vista de la escrita de emancipación y otro de donde resulta que Román Félix es casado con Dominga Maldonado, sólo en cuanto a la participación que trasmite don Bernardo Rosa Cuadrado, y deniegue la inscripción en cuanto a la participación trasmitida por el menor emancipado, porque la comparecencia y actuación del primero en la escritura se refiere sólo a la venta de su condominio, sin que preste a su hijo emancipado, también vendedor, el consentimiento que previene el artículo 307 del Código Civil como quedó enmendado en 8 de marzo de 1906."

La anterior nota, pues la de la escritura de préstamo hipotecario es ajena al presente recurso, ha sido recurrida para ante esta Corte Suprema por el comprador Román Félix, quien alega en síntesis para obtener su revocación, que el artículo 307 enmendado del Código Civil ha sido cumplido en la escritura de 20 de septiembre de 1920, pues de ella aparece haber otorgado Bernardo Rosa y Cuadrado el consentimiento para la enajenación del condominio de que se trata por su menor hijo emancipado Francisco Rosa y Llenza.

El artículo citado del Código Civil ordena que el menor emancipado "no podrá gravar ni vender bienes inmuebles suyos sin consentimiento de su padre, en defecto de éste, sin el de su madre, y en su caso, sin el de su tutor." El precepto legal es claro y la única cuestión sujeta a discusión es la de si en el otorgamiento de la escritura de compraventa Bernardo Rosa ha prestado su consentimiento para la venta

del condominio perteneciente a su menor hijo emancipado Francisco Rosa y Llenza.

El examen de la escritura muestra que ante el notario autorizante comparecieron Bernardo Rosa y Cuadrado y su hijo Francisco Rosa y Llenza, de una parte, y de la otra Román Félix y Dominga Maldonado; que Bernardo y Francisco Rosa eran dueños en común proindiviso y en proporción de una mitad cada uno de ellos de la finca vendida; que la venta se hizo por precio de $2,000 que los vendedores recibieron de manos del comprador; y que todos los otorgantes aceptaron la escritura en los términos en que estaba redactada, estuvieron conformes con ella y se ratificaron en su contenido.

El texto de la escritura no revela que Bernardo Rosa y Cuadrado prestara en cuanto a su hijo Francisco Rosa y Llenza el consentimiento que la ley exige, pues aunque uno y otro comparecieron juntamente ante el notario y juntos verificaron la venta y recibieron el precio, cada uno de ellos obró en propia representación y el padre no hizo manifestación alguna sobre su consentimiento en la venta del condominio hecha por su hijo.

La aceptación, conformidad y ratificación prestadas por todos los otorgantes, así vendedores como compradores se refieren a cada uno de ellos en la parte que les concierne. No hubo adhesión del padre a la voluntad del hijo ni concurso mutuo de voluntades para la venta del condominio del hijo. Padre e hijo procedieron con plena independencia vendiendo cada uno lo suyo sin tomar uno parte en la venta del otro. No dudamos que el padre tuvo conocimiento de la enajenación que hacía su hijo, pero afirmamos que no prestó su consentimiento a ella. Puede afirmarse que no impugnó la enajenación, pero no cabe llegar a la conclusión de que la consintiera o aprobara. La intención del legislador al exigir el consentimiento del padre, de la madre o del tutor para la enajenación de bienes inmuebles de un menor

emancipado, es la de que se considere el acto de enajcnación del menor por el que deba prestar el consentimiento y proceda éste o no a prestarlo según lo exijan los intereses del menor. Parece que el padre en el presente caso con relación a su hijo actuó bajo la teoría de que no era necesario su consentimiento, pues a no ser así lo hubiera prestado por modo expreso si quería que la enajenación del menor produjera los efectos legales consiguientes. La escritura se hubiera otorgado en los mismos términos en que fué otorgada, si no hubiera existido el precepto del artículo 307 del Código Civil. Y la escritura posterior de hipoteca sobre la misma finca vendida a favor de los vendedores por los compradores nada arguye a favor del cumplimiento del artículo 307 del Código Civil en el otorgamiento de la escritura de compraventa.

Por las razones expuestas disentimos de la opinión de la mayoría de los jueces de esta corte y opinamos que ha debido confirmarse la nota recurrida.